UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HENRY WISE,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF ALAMEDA, et al.,<br><br>    Defendants. | Case No. 14-cv-01205-JSC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 17 |

Plaintiff Henry Wise was an employee of Defendant County of Alameda ("the County") under the direct supervision of Defendants Pedro Valencia and John Glann (together, "the Supervisors") for over four years. Plaintiff brings the present employment discrimination action following the County's termination of his employment. Among other things, Plaintiff contends that the County retaliated against him in violation of the California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964 ("Title VII"); that the County failed to prevent discrimination against Plaintiff in violation of the FEHA; and that the Supervisors committed assault, battery, intentional infliction of emotional distress, and false imprisonment against Plaintiff.

Now pending before the Court is Defendants' Motion to Dismiss counts three through eight of Plaintiff's First Amended Complaint ("FAC"). (Dkt. No. 17.) Defendants argue that Plaintiff's FAC fails to state a claim upon which relief can be granted. In regards to Plaintiff's retaliation and failure to prevent discrimination claims, Defendants argue that Plaintiff fails to allege sufficient facts pursuant to Federal Rule of Civil Procedure 8(a)(2). Defendants further contend that Plaintiff's failure to prevent discrimination claim must be dismissed because Plaintiff has not exhausted his administrative remedies pursuant to California Government Code section

12965(b). Lastly, Defendants contend that, in regards to Plaintiff's tort causes of action, Plaintiff failed to timely file and present his claim pursuant to the California Government Tort Claims Act ("Tort Claims Act") and that Plaintiff is thus precluded from bringing a civil suit on those claims.

Having carefully considered the parties' submissions, and having had the benefit of oral argument on June 19, 2014, the Court hereby GRANTS Defendants' motion in part with leave to amend.

## ALLEGATIONS OF THE FIRST AMENDED COMPLAINT

Plaintiff is an African-American male who was hired by the County as a Business Analyst in September 2008. (FAC ¶¶ 16, 17.) Plaintiff received frequent salary increases from 2009 to 2011, and enjoyed positive feedback and favorable performance reviews during that time. (FAC ¶ 18.)

In July 2009, Pedro Valencia, an employee of the County, became Plaintiff's direct supervisor. (FAC ¶ 11, 19.) In August 2009, Valencia informed Plaintiff that Plaintiff would thereafter have to report directly to John Glann, also an employee of the County. (FAC ¶ 11, 20.) Valencia "acknowledged" that Glann made less salary than Plaintiff, "but ignored the potential problems and consequences of such an arrangement." (FAC ¶ 20.)

In April 2010, Plaintiff met with the Supervisors, during which meeting Glann accused Plaintiff of undermining his authority and the Supervisors jointly accused Plaintiff of wrongdoing. (FAC ¶ 21.) The Supervisors informed Plaintiff that he was being taken off a "Credit Card System" project, for which Plaintiff had worked tirelessly. *Id.* Plaintiff had been outspoken during his employment about perceived abuses of the Credit Card System by employees of the County. *Id.* Also during the meeting, Glann chastised Plaintiff in front of other office personnel and "became loud and intimidating" toward Plaintiff. (FAC ¶ 22.)

From approximately 2010 to 2012, Defendants engaged in a "pattern of harassment" against Plaintiff. (FAC ¶ 27.) For instance, Defendants "removed staff assigned to work under [Plaintiff] without cause," "denied training opportunities which were provided to other employees," "failed to inform Plaintiff of meetings and accusing him of not attending those meetings," "hid work from Plaintiff causing delays in completion of his work," "issued . . . letters

of reprimand containing false information," and "falsely accused Plaintiff of being 'angry,' mentally incompetent or unstable," among other allegations. (FAC ¶ 27.) Plaintiff continued to be outspoken in raising suspected Credit Card System abuses to the County's management, and noted in March 2011 that Glann had instructed another employee to place a hold on processing complaints to the purchasing department regarding misuse of company credit cards. (FAC ¶ 25, 26.) In June 2011, Plaintiff informed the County that Glann refused to continue working with Plaintiff and that Glann had "outrageously harassed" and "seriously victimized" Plaintiff. (FAC ¶ 28.) The County responded by reinstating Valencia as Plaintiff's direct supervisor, but made Plaintiff continue to work with Glann and took no further action. *Id*.

Approximately a year later, in May 2012, Valencia called Plaintiff into a meeting that included Glann to discuss whether to keep Plaintiff's only assistant, Abby Fard. (FAC ¶ 29.) At one point during the meeting, Glann stood up and loudly yelled to Plaintiff, "Don't you slander me!" (FAC ¶ 30.) Glann slammed his hand on the desk, causing Plaintiff to grow fearful and stand up to leave. *Id.* Valencia attempted to physically restrain Plaintiff by forcefully digging his elbow and forearm into Plaintiff's chest, while Glann continued to yell at Plaintiff. *Id.* Plaintiff asked Valencia to remove his hands multiple times, and Valencia responded by applying more pressure. *Id.* Plaintiff began to experience back pain and grew more fearful. *Id.* After Valencia finally removed his hands, Plaintiff had to physically struggle around Valencia to exit the office and in the process twisted his lower back. Valencia's violent actions severely exacerbated Plaintiff's preexisting injuries in his lower back and left knee. *Id.* When Plaintiff sought medical treatment the next morning, his physician recommended that Plaintiff use a cane until Plaintiff could get knee replacement surgery. (FAC ¶ 31.)

Plaintiff filed a workplace violence report with the County and expressed his concerns about continuing to report to Valencia. (FAC ¶ 32, 34.) The County entrusted the oversight of the investigation of the workplace violence claim to Valencia. (FAC ¶ 38.) On May 30, 2012, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (FAC ¶ 36.) The EEOC cross-filed the complaint with the State of California Department of Fair Employment and Housing ("DFEH"). (FAC ¶ 14.) One day after Plaintiff

filed his complaint with the EEOC, the County reassigned Plaintiff's assistant to work for Glann for half of her work day. (FAC ¶ 37.) A few days later, Valencia issued a Letter of Reprimand dated June 4, 2012, informing Plaintiff that the purpose of the letter was to reprimand Plaintiff for his actions on May 2, 2012. (FAC ¶ 37.) On June 22, 2012, the County notified Plaintiff that he was required to attend coaching or his employment would be terminated. (FAC ¶ 42.) (FAC ¶ 43.) Plaintiff subsequently emailed human resources to request that he not be required to attend counseling sessions with the Supervisors, but was amenable to continuing individual counseling. (FAC ¶ 43.)

Near the end of July 2012, Plaintiff received a notice that he was being placed on administrative leave and was denied access to his work email and other materials. (FAC ¶ 44.) The notice did not specify a reason for placing Plaintiff on leave. *Id.* Plaintiff was then escorted out of the building by two armed sheriffs while "struggling" with several bags and walking with a cane. (FAC ¶ 45.) In a letter Plaintiff received in early August 2012, the General Services Agency Director "clearly demonstrated the placing of [Plaintiff] on administrative leave was an act of retaliation for [Plaintiff] having made a complaint about his supervisors and expressing his reasonable fear of working with [the Supervisors]." (FAC ¶ 46.) In early September 2012, the County issued a Fitness for Duty Request to Plaintiff which included numerous allegations "made in furtherance of [Defendants'] efforts to discredit [Plaintiff]." (FAC ¶ 47.) In October 2012, the County ordered Plaintiff to appear before a psychologist. (FAC ¶ 48.) In response, Plaintiff sent a memorandum to the County expressing his concern that the County had failed to take action in response to Plaintiff's claims about the Supervisors, and Plaintiff refused to submit to the Fitness for Duty examination. (FAC ¶ 49, 50.) That same day, the County issued a Notice of Intent to Terminate Plaintiff's Employment. (FAC ¶ 50.) On or about November 15, 2012, the County gave Plaintiff a letter of termination effectively immediately.

Plaintiff filed his original complaint on November 1, 2013, alleging thirteen causes of action. (Dkt. No. 1 at 5-34.) Defendants filed a motion to dismiss eleven of Plaintiff's original thirteen causes of action. (Dkt. No. 6.) In response to Defendant's motion, Plaintiff filed the FAC on April 4, 2014, alleging only nine causes of action. (Dkt. No. 13.)

Defendants now move to dismiss counts three through eight of Plaintiff's FAC, claiming that Plaintiff did not sufficiently plead his claims of retaliation, failure to prevent discrimination, and the torts of assault, battery, intentional infliction of emotional distress, and false imprisonment. (Dkt. No. 17.)

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); see also *Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.2004); see also *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"), cert. denied, 132 S.Ct. 2101 (2012). The court must be able to

"draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663–64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

## DISCUSSION

Defendants move to dismiss the FAC on numerous grounds. The Court addresses each in turn.

### A.  Retaliation Claim

To bring a retaliation claim under Title VII and FEHA, a plaintiff must show "1) that [he] engaged in a protected activity; 2) that [he] was thereafter subjected by [his] employer to adverse employment action; and 3) that a causal link exists between the two." *Cohen v. Fred Meyer*, 686 F.2d 793, 796 (9th Cir. 1982).

At oral argument, Defendant emphasized that Plaintiff failed to plead that Defendants' alleged retaliatory animus was a "substantial motivating factor" behind the adverse employment actions. Plaintiff conceded at oral argument that he had not expressly alleged such animus and asked for leave to amend. It is not the Court's ruling that it is necessary to explicitly plead a "substantial motivating factor" to survive a motion to dismiss a retaliation claim. However, since Plaintiff conceded Defendants' contention at oral argument, Defendants' Motion to Dismiss Plaintiff's retaliation claim is therefore GRANTED with leave to amend.

### B.  Failure to Prevent Discrimination Claim

A plaintiff must demonstrate three elements to sufficiently plead a failure to prevent discrimination claim: "1) plaintiff was subjected to discrimination, harassment or retaliation; 2) defendant failed to take all reasonable steps to prevent discrimination, harassment or retaliation; and 3) this failure caused plaintiff to suffer injury, damage, loss or harm." *Leiland v. City and*

1    *County of San Francisco*, 576 F. Supp. 2d 1079, 1103 (N.D. Cal. 2008).

2    As a threshold matter, Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to bringing a civil suit pursuant to California Government Code section 12965(b). (Dkt. No. 17 at 11-12.) Specifically, Defendants argue that Plaintiff's EEOC/DFEH complaint failed to include allegations that encompassed his failure to prevent discrimination claim. *Id.* The Court disagrees.

District courts are instructed to interpret EEOC charges "with utmost liberality" to determine whether they incorporate additional charges not explicitly listed. *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th Cir. 2002). "Allegations of discrimination not included in the administrative charge may not be considered by a district court unless the new claims are *like or reasonably related to* the allegations contained in the EEOC charge." *Id.* (internal quotation marks and citation omitted) (emphasis added). Among the factors district courts should consider are "the alleged basis of the discrimination, dates of the discriminatory acts specified in the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *Id.* "In addition, the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent those claims are consistent with the Plaintiff's original theory of the case." *Id.* "Subject matter jurisdiction extends over all allegations of discrimination that either fell within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Freeman v. Oakland Unified School Dist.*, 291 F.3d 632, 636 (9th Cir. 2002) (internal quotation marks and citation omitted).

Plaintiff's May 30, 2012 EEOC "Charge of Discrimination" alleged discrimination based on race, age, religion, and retaliation. (Dkt. No. 16 at 5.) The charge described Plaintiff's allegations as follows:

> Beginning in or around 2010 and continuing to the present, I have been subjected to on-going *discrimination and harassment* due to my race, age, and religion. For example, I have been issued unjustified negative performance evaluations by Mr. Valencia, been denied pay increases, and been subjected to inappropriate comments. *I have made multiple complaints about the harassing behaviors, but to date, no action has been taken*. On or around May

7


> 2, 2012, I was verbally assaulted by John Glann, Purchasing Manager, and physically assaulted by Mr. Valencia during a meeting. Since that time, I have been accused by Mr. Valencia of not following proper protocol when requesting time off to go to appointments related to the assault.
>
> Respondent has provided no reasons for its actions.
>
> *I believe that I have been discriminated against* because of my race (black) and religion (Protestant), in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe that I have been discriminated against because of my age (DOB 1948), in violation of the Age Discrimination in Employment Act of 1967, as amended. I believe that I have been retaliated against for engaging in a protected activity, in violation of the statutes.

(*Id.* (emphasis added).) Plaintiff's May 30, 2012 EEOC complaint describes the "on-going discrimination and harassment" and then plainly alleges that he "made multiple complaints about the harassing behaviors, but to date, no action has been taken." (*Id.*) Read in its entirety, the May 2012 EEOC complaint explicitly alleges, for purposes of administrative exhaustion, that the County failed to prevent discrimination.

Defendants' arguments to the contrary are unpersuasive. Defendants seize on the fact that the May 2012 complaint merely alleges that Plaintiff made multiple complaints about *harassing* behavior but never specifically alleges that he complained about *discriminatory* behavior. While the May 2012 charge does not explicitly state that he made complaints about discrimination in addition to "harassing behaviors," Defendants provide no authority for their hyper-technical reading of Plaintiff's EEOC charge. A common sense reading of the charge reveals that he alleged "on-going discrimination and harassment," detailed that discrimination and harassment, and then alleged that he complained about his mistreatment but nothing was done. Even if the allegations are insufficiently explicit to constitute a listed charge for failing to prevent discrimination, that claim is "like or reasonably related to the allegations contained in the EEOC charge" regarding the discriminatory and harassing conduct and Plaintiff's reporting of the harassing behaviors such that the failure to prevent discrimination claim can be incorporated into the May 2012 EEOC/DFEH charge. *See B.K.B.*, 276 F.3d at 1100. The Court therefore finds that Plaintiff has sufficiently pled compliance with California Government Code section 12965(b) in regards to exhaustion of administrative remedies.

As to Defendants' next contention, Defendants again emphasized at oral argument that Plaintiff fails to allege that Defendants' failure to prevent discrimination was a "substantial motivating factor" in causing Plaintiff's harm. Again, while it is not the Court's ruling that it is necessary to expressly plead a "substantial motivating factor" in a failure to prevent discrimination claim to survive a motion to dismiss, Plaintiff conceded at oral argument that his pleadings were deficient. Defendants' Motion to Dismiss Plaintiff's failure to prevent discrimination claim is therefore GRANTED with leave to amend.

C. **Tort Claims**

To bring a tort action against a public entity in the state of California, the plaintiff must file a claim pursuant to the Tort Claims Act and must demonstrate "the timely presentation of a written claim and the rejection of the claim in whole or in part." *Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995).

Defendants argue that Plaintiff failed to comport with California state procedure by failing to file a petition for relief from the claims presentation requirement of California Government Code section 945.4 before bringing a civil suit. Plaintiff counters that the Tort Claims Act does not apply to his claim because the Supervisors were acting outside the scope of their employment and therefore Section 950.2 is inapplicable.

While it is plausible that the Supervisors were acting outside the scope of their employment when the alleged torts occurred, Plaintiff's FAC expressly alleges that Defendants' "acts and failures to act were within the course and scope of said agency, employment, conspiracy and/or direction and control." (FAC ¶ 9.) Defendants' motion is therefore GRANTED as to Plaintiff's tort causes of action with leave to amend.

## CONCLUSION

For the reasons explained above, the Court GRANTS Defendants' motion to dismiss with leave to amend. Plaintiff shall file his amended complaint within 10 days of this Order.

This Order disposes of Docket No. 17.

**IT IS SO ORDERED.**

Dated: June 20, 2014

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge